## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7395 | **DATE** | 6/19/2003 |
| **CASE TITLE** | USA ex. rel., VINCENT BLACKWELL vs. JOHN BATTLES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 6/26/03 is stricken. Enter Memorandum Opinion And Order. Blackwell's Writ for Habeas Corpus is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 23 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUN 20 PM 12:24 | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., ) | |
| VINCENT BLACKWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 02 C 7395 |
| ) | |
| JOHN BATTLES, ) | Judge John W. Darrah |
| ) | |
| Respondent. ) | |

DOCKETED
JUN 2 3 2003

## MEMORANDUM OPINION AND ORDER

Petitioner, Vincent Blackwell ("Blackwell"), seeks a writ of habeas corpus against the Illinois River Correctional Center Warden, John Battles, pursuant to 28 U.S.C. § 2254. Before the Court is Blackwell's Writ of Habeas Corpus in which he raises seven grounds for relief: (1) the trial court erred by failing to admonish Blackwell; (2) ineffective representation of trial counsel for failing to raise the first issue on appeal; (3) the trial court abused its discretion by allowing into evidence non-relevant videotape evidence; (4) ineffective representation of trial counsel for failing to contest the third issue and failing to preserve that issue for appeal; (5) ineffective assistance of appellate counsel for failing to present the third and fourth issue; (6) his sentence should be reduced because his class of felony was never enhanced, but his sentence was enhanced; and (7) there was no statement of enhancement of the sentence on the date of the indictment, instead, the State asked for the enhancement after a finding of guilty.

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner can rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner has not challenged the appellate court's summary of facts.



Accordingly, the following facts are drawn from the appellate court's opinions.

In August 1997, Blackwell was charged by indictment with two counts of robbery and one count of theft. Following a bench trial, Blackwell was found guilty of all three counts. In March 1998, the trial court sentenced Blackwell to twenty years' imprisonment for the first count of robbery. The trial court found that the other counts merged for the purpose of sentencing.

In April 1999, Blackwell appealed his conviction and sentence to the Illinois Appellate Court, Second Judicial Circuit. On appeal, Blackwell argued that: (1) his conduct constituted a theft rather than a robbery and (2) his sentence was an abuse of discretion. In September 1999, the appellate court affirmed Blackwell's conviction and sentence.

Subsequently, Blackwell filed a petition for leave to appeal with the Illinois Supreme Court. Blackwell raised two issues in his petition: (1) his conduct constituted theft rather than robbery and (2) his sentence was excessive because it failed to properly consider his rehabilitative potential. In December 1999, the petition was denied.

In March 2000, Blackwell filed a post-conviction petition in the Circuit Court of DuPage County. In his post-conviction petition, Blackwell raised three issues: (1) Public Act 80-1099, which added the Class X recidivist provision, violated the single subject clause of the Illinois constitution; (2) ineffective assistance of trial counsel for failing to object to the admission of videotape evidence; and (3) the trial court failed to admonish him of the possibility of receiving a Class X sentence.

The trial court found that only Blackwell's third issue asserted a potentially meritorious claim. The trial court appointed counsel to pursue the third issue. Subsequently, the trial court denied Blackwell's request that the court reconsider its ruling on the single subject clause issue. After an amended post-conviction was filed and hearing arguments on the third issue, the trial court

denied the post-conviction petition.

Blackwell appealed the denial of his post-conviction petition to the Illinois Appellate Court, Second Judicial Circuit. Blackwell raised one issue on appeal: whether the proportionate penalties clause of the Illinois constitution is violated by 730 ILCS 5/5-5-3(c)(8), which subjects defendants convicted of Class 2 felonies to the same Class X sentence as those convicted of Class 1 felonies.

The appellate court noted that the trial court improperly dismissed some of Blackwell's claims. Because the partial dismissal did not harm Blackwell, a remand for further proceedings was not required. The appellate court also found that Blackwell waived these issues and, alternatively, that the claims lacked merit. The appellate court also rejected Blackwell's proportionate penalties clause argument and affirmed the trial court.

Blackwell filed a petition for leave to appeal with the Illinois Supreme Court, raising the single issue of the proportionate penalties clause discussed above. In October 2002, the Illinois Supreme Court denied the petition. Subsequently, Blackwell filed the present petition.

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). A habeas corpus petition must survive procedural default before a federal court may address the merits of the petition. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (*Coleman*).

Generally, there are three ways a procedural default occurs: (1) where the petitioner fails to raise a federal constitutional issue in the state courts (*Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir.

3

1996)); (2) when a state court rejects a petitioner's claim pursuant to an adequate and independent state procedural or substantive ground (*Coleman*, 501 U.S. at 729-30); and (3) if the petitioner completely failed to assert the claim in the state court (*Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997)). Failing to appeal an issue to the state court that was first asserted in a post-conviction petition also constitutes procedural default.

A petitioner may be excused from a procedural default if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or a failure to review the claim will result in a fundamental miscarriage of justice. *Schaff v. Snyder*, 190 F.3d 513, 526 (7th Cir. 1999). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which precludes the petitioner's ability to pursue his or her claims in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (*Murray*). Ordinarily, this requires a showing of some external impediment preventing counsel from constructing or raising the claim. *Murray*, 477 U.S. at 488.

To demonstrate a fundamental miscarriage of justice, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*Schlup*), quoting *Murray*, 477 U.S. at 496.

Respondent argues that claims 2, 3, 5, 6, and 7 of Blackwell's petition are procedurally barred because he did not raise any of these claims in the state courts. Respondent also argues that claims 1 and 4 of Blackwell's petition are procedurally barred because, while Blackwell did present these claims in his post-conviction petition, he did not present these claims to the appellate court in an appeal of the dismissal of his post-conviction petition. *See Jenkins v. Gramley*, 8 F.3d 505, 507-08 (7th Cir. 1992) (failing to appeal an issue to the state court that was first asserted in a post-

4

conviction petition also constitutes procedural default).

Blackwell does not dispute that he did not raise his claims in state court. Instead, Blackwell argues that he should be excused from procedural default because proven ineffective assistance of counsel may be considered cause for a procedural default. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991) (*Farrell*).

Ineffective assistance of counsel, if proven, may be considered cause for a procedural default. *Farrell*, 939 F.2d at 411. However, before a petitioner can use ineffective assistance of counsel as cause for a procedural default, he must first present this claim as an independent claim to the state courts either on direct appeal or in a post-conviction proceeding. *See Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995) (*Lemons*). Furthermore, "a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief ... [unless] the basis for the claim does not appear in the record." *United States v. DeRobertis*, 754 F.2d 764, 766 (7th Cir. 1985).

In the instant case, Blackwell did not present any ineffective assistance of counsel issues in his direct appeals to the state courts. The only ineffective assistance of counsel issue he raised in his post-conviction petition was regarding trial counsel's failure to object to the admission of video evidence. Accordingly, this is the only ineffective assistance of counsel claim that Blackwell can assert as cause for his procedural default. *See Lemons*, 54 F.3d at 360. However, the lack of objection during trial is based on information contained in the record. Accordingly, Blackwell has waived this claim of ineffective assistance of counsel; and it cannot represent cause to excuse procedural default. *See Farrell*, 939 F.2d at 411.

Based on the above, Blackwell has failed to establish cause to excuse his procedural default.

5

Furthermore, Blackwell does not allege, and the evidence does not establish, a fundamental miscarriage of justice occurred. Accordingly, Blackwell's procedural default is not excused.

For the reasons stated above, Blackwell's Writ for Habeas Corpus is dismissed with prejudice.

Dated: June 19, 2003

JOHN W. DARRAH
United States District Judge